**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30385 |
| Plaintiff - Appellee, | D.C. No. 1:09-cr-00045-JDS-1 |
| v. | |
| JEREMIAH PAUL STEWART, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Jack D. Shanstrom, District Judge, Presiding

Argued and Submitted July 13, 2010
Seattle, Washington

Before: REINHARDT, GRABER, and PAEZ, Circuit Judges.

Defendant-Appellant Jeremiah Paul Stewart appeals the district court's order
denying his motion to dismiss the indictment with prejudice after finding a
violation of the Speedy Trial Act. Our review is for abuse of discretion. *United*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

*States v. Taylor*, 487 U.S. 326, 335 (1988). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Stewart was indicted three times for robbery. The first indictment was dismissed without prejudice at the government's request under Federal Rule of Criminal Procedure 48(a). Subsequently finding a violation of the Speedy Trial Act,[1] the district court dismissed the second indictment without prejudice over Stewart's objection that it should be dismissed with prejudice. After the government filed a third indictment, Stewart moved to dismiss the indictment with prejudice as a result of the prior violation of the Speedy Trial Act. The district court denied this motion, and Stewart pled guilty, preserving his right to appeal the court's decision to dismiss without prejudice.

Stewart contends that the district court erred in dismissing the second indictment without prejudice. Having reviewed the district court's application of the factors outlined in the Speedy Trial Act, 18 U.S.C. § 3162(a)(2), we conclude

---

[1] On appeal, the parties do not dispute the district court's determination that a Speedy Trial Act violation occurred. The government unsuccessfully argued before the district court that, because Stewart was joined with another co-defendant in his second indictment, no Speedy Trial Act violation occurred. *See* 18 U.S.C. § 3161(c)(1). Because neither party raised the issue here, we deem it waived. *See United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992) (failure to raise issue in opening brief generally results in waiver).

that the district court did not abuse its discretion in granting the dismissal without prejudice.

In deciding whether to dismiss a case with or without prejudice to remedy a Speedy Trial Act violation, a court must consider three factors: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of reprosecution on the administration of this chapter and on the administration of justice." *Id.* Prejudice to a defendant is another factor that a court may consider. *United States v. Lewis,* 518 F.3d 1171, 1176 (9th Cir. 2008). Here, the district court correctly determined that (1) robbery was a serious crime, (2) Stewart contributed to the delay by raising a last-minute, and ultimately discredited, alibi defense, and (3) allowing reprosecution was not contrary to the administration of justice or the Speedy Trial Act. As to prejudice, the court properly determined that the delay did not impede Stewart's ability to prepare a defense or otherwise unfairly constrain his liberty. *See Taylor*, 487 U.S. at 340. Accordingly, Stewart's challenge to the district court's dismissal without prejudice fails.

**AFFIRMED.**