**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 05-10692 |
| Plaintiff - Appellee, | D.C. No. CR-04-00217-MJJ |
| v. | |
| BEAU LEE LEWIS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Martin J. Jenkins, District Judge, Presiding

Argued August 14, 2007
Submitted September 29, 2011
San Francisco, California

Before: O'SCANNLAIN, HAWKINS, and WARDLAW, Circuit Judges.

In *United States v. Lewis*, 518 F.3d 1171 (9th Cir. 2008) ("*Lewis II*"), we

reversed and remanded to the district court the question of whether the original

indictment against Lewis should have been dismissed without prejudice. We

directed the district court to consider all periods of pre-trial delay leading up to

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Lewis's first trial to determine whether there was a Speedy Trial Act (STA), 18

U.S.C. § 3162(a)(2), violation that required dismissal of the indictment with

prejudice, which would have precluded Lewis's second trial and this appeal.  We

did so principally because we determined that the district court misconstrued our

remand order in Lewis's appeal from his first trial, *United States v. Lewis*, 349 F.3d

1116 (9th Cir. 2003) ("*Lewis I*").  We expressly retained jurisdiction over Lewis's

non-STA claims of error and address them now.[1]

1.  The district court did not err in instructing the jury on the law of

entrapment.  Lewis argues that the last sentence of the instruction, instructing the

jury that it "may find that there was entrapment as to some of the acts but no

entrapment as to other of the acts" with which he was charged was in error.

That error, Lewis speculates, allowed the jury to reach what he believes is the

untenable conclusion that Lewis had been entrapped during the smuggling of the

first FedEx package but not during the later five packages.  Entrapment has two

distinct elements: "government inducement of the crime and the absence of

predisposition on the part of the defendant."  *United States v. Sandoval-Mendoza*,

472 F.3d 645, 648 (9th Cir. 2006) (citation omitted).  If either element is absent,

---

[1]  In the meantime, the district court calculated the entirety of the pre-trial delay before the first trial and determined that dismissal of the indictment without prejudice was proper.  Lewis appealed that decision, and a different three-judge panel of our court affirmed.  *United States v. Lewis*, 611 F.3d 1172 (9th Cir. 2010) ("*Lewis III*").

the defense of entrapment is not available. However, there is nothing in our case law supporting the proposition that an initial entrapment necessarily demonstrates that both elements are proved for all future crimes. A jury *may* determine that an initial entrapment carries over to subsequent acts. *Sherman v. United States,* 356 U.S. 369, 374 (1958). Alternatively, a jury may well find, as it apparently did here, that the government did not induce the defendant to commit some of the criminal acts with which he was charged. The district court's instructions encompassed both scenarios, accurately guided the jury's deliberation and correctly instructed the jury on the law of entrapment. *See United States v. Kessi*, 868 F.2d 1097, 1101 (9th Cir. 1989) (citations omitted).

2. The district court properly denied Lewis's Rule 29 motion for judgment of acquittal. This motion was based on supposed inconsistencies in the jury verdicts on the question of entrapment and the argument that he was entrapped as a matter of law.

There is no evidence that Lewis's verdict forms are inconsistent on the matter of entrapment. The jury did not make findings regarding entrapment where it found Lewis not guilty. Indeed, only for the counts where the jury found Lewis guilty did it make a specific finding that he was not entrapped. Logical inferences that Lewis may draw from these findings are not permitted to be used against the guilty verdicts. *United States v. Powell*, 469 U.S. 57, 65 (1984) ("It is equally

possible that the jury, convinced of guilt, properly reached its conclusion [on the guilty verdict] and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion.").

The court did not err by rejecting Lewis's argument that he was entrapped as a matter of law. To demonstrate entrapment as a matter of law, Lewis must "point to undisputed evidence making it patently clear that an otherwise innocent person was induced to commit the illegal act by trickery, persuasion, or fraud of a government agent." *Sandoval-Mendoza*, 472 F.3d at 649. The government strongly contested that Lewis was induced to commit the criminal acts in question. It even presented evidence that Lewis engaged in smuggling activities that took place without the knowledge of the undercover government agent. The jury had the opportunity to listen to and assess numerous recorded conversations between the government agent and Lewis. Whether Lewis was entrapped was a question properly entrusted to the jury.

3. The district court did not abuse its discretion when it struck a prospective juror for cause after the juror recounted an experience which he considered to be his own case of entrapment. The juror told the district court judge that the issues of entrapment "spark[ed] a memory clearly" of when the juror had been arrested for marijuana possession. The court then questioned the juror, observing his demeanor and conduct. During the juror's explanation of his entrapment episode,

the judge had to ask him to "keep your voice down just a little bit."  The district court judge's physical position was well suited to observe the juror's demeanor and thereby assess the juror's ability to remain impartial.  The judge determined that the juror's statements were marked by an "emotional fervor" that rendered him biased in fact.  *United States v. Gonzales*, 214 F.3d 1109, 1111-12 (9th Cir. 2000) ("Because determinations of impartiality may be based in large part upon demeanor, [we] typically accord[] deference to the district court's determinations, and review[] a court's findings regarding actual juror bias 'for manifest error' or abuse of discretion.") (citation omitted).

4.  The district court did not plainly err in admitting stipulations from the first trial into evidence.  A stipulation entered into prior to a trial remains binding during subsequent proceedings between the parties. *Bail Bonds by Marvin Nelson, Inc. v. Commissioner*, 820 F.2d 1543, 1547-48 (9th Cir. 1987) (holding that a stipulation entered prior to the first trial of a case applies to the de novo retrial of that case) (citing *United States v. Boothman*, 654 F.2d 700, 703 (10th Cir. 1981), and *United States v. Marino*, 617 F.2d 76, 82 (5th Cir. 1980)).  The authority cited by Lewis is inapposite, as the cases he cites involve proceedings where the second trial lacked a mutuality of the parties.  Here, the second trial involved the same plaintiff and defendant, related events, occurrences, transactions, property, and questions of law and fact.

We recognize that, as with the interpretation of contracts, "we must interpret [stipulations] so as to carry out the intention of the parties." *United States v. Petty*, 80 F.3d 1384, 1387 (9th Cir. 1996). Interpretation of stipulations, to determine whether the district court properly effectuated the intent of the parties, is an issue of law reviewed de novo. *United States v. Lawton*, 193 F.3d 1087, 1094 (9th Cir. 1999). We find no basis in the stipulations to suggest that they were limited to use in the first trial. Thus, in the absence of direct authority or clearer intent in the stipulations, we do not find that the district court plainly erred in admitting the stipulations in the second trial.

5. Because we do not find that there was any trial error, we do not reach the question of cumulative error.

6. The district court did not commit procedural error in calculating Lewis's sentence. We review the sentence imposed by the district court for abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc); *see also Gall v. United States*, 552 U.S. 38, 51 (2007). We will reverse the sentence only where it was procedurally erroneous or substantively unreasonable. *Carty*, 520 F.3d at 993. "It would be procedural error for the district court to fail to calculate – or to calculate incorrectly – the Guidelines range . . . ." *Id.* (citing *Gall*, 552 U.S. at 51).

The district court was not required by *United States v. Scheele*, 231 F.3d 492 (9th Cir. 2000), to consider the margin of error in calculating the market value of the imported wildlife. The district court correctly concluded that *Scheele* did not apply where the court relied on "pretty good evidence of market value" and "a far more substantive methodology" than used in *Scheele*. Thus, the district court did not commit procedural error in determining that the contraband had a value of $70,850 and assessing a six-level increase to Lewis's offense level.

**AFFIRMED.**