FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 28 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50116 |
| Plaintiff - Appellee, | D.C. No. 8:98-cr-00118-AHS-1 |
| v. | |
| LANCE VAN ALSTYNE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Alicemarie H. Stotler, Senior District Judge, Presiding

Submitted February 26, 2013[**]
San Francisco, California

Before: HAWKINS, BERZON, and CLIFTON, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Lance Van Alsytne was convicted in 2001 of seven counts of mail fraud and three counts of money laundering in connection with a fraudulent investment scheme. This is his third appeal arising from that conviction. For the reasons stated below, we affirm the district court's judgment and sentence.

Van Alstyne's present appeal seeks reversal and remand on two grounds: First, he contends the district court abused its discretion when, on remand for resentencing, it declined to take up Van Alstyne's challenge to the one money laundering conviction that we did not reverse when the case was last before us. Relying on language from our 2009 opinion, *United States v. Van Alstyne* (*Van Alstyne II*), 584 F.3d 803 (9th Cir. 2009), Van Alstyne maintains that the district court should have vacated his conviction on count 22 because the refund transaction on which that count was based "undermined rather than advanced" the mail fraud investment scheme. *See id.* at 815–16. Second, he argues that the district court erred in imposing a four-level "aggravating role" sentence enhancement under U.S.S.G. § 3B1.1, because the evidence is insufficient to show that he supervised a "criminally responsible" participant in the investment scheme. We reject both of Van Alstyne's arguments.

**1.** Our mandate to the district court on remand was limited to resentencing. *Van Alstyne II*, 584 F.3d at 807, 816–818, 821. In this circuit, the rule of mandate

-2-

is jurisdictional. *United States v. Thrasher*, 483 F.3d 977, 982 (9th Cir. 2007). Thus, the district court correctly concluded that it lacked jurisdiction to consider Van Alstyne's challenge to his remaining money laundering conviction, as doing so would have exceeded the clear parameters of our remand. *See Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012).

The rule of mandate does not, however, preclude a district court from considering issues not decided, expressly or implicitly, by the appellate court, *United States v. Kellington*, 217 F.3d 1084, 1092–94 (9th Cir. 2000), or otherwise "not foreclosed by the mandate," *Herrington v. Cnty. of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993), as the "mandate[ ] require[s] respect for what the higher court decided, not for what it did *not* decide." *Hall*, 697 F.3d at 1067 (alterations in original) (quoting *Kellington*, 217 F.3d at 1093). But we *did* decide the issue Van Alstyne presented to the district court in our 2009 opinion. We specifically held that although the refund transaction was not a "crucial element" of the scheme to defraud, because it diminished the funds available to induce further investments, it was "intended to 'promote the carrying on,' of the 'scheme' at the heart of the mail fraud counts, by discouraging [its] detection." *Van Alstyne II*, 584 F.3d at 815–16 (citation omitted) (quoting 18 U.S.C. § 1956(a)(1)(A)(i)). On that basis, we affirmed Van Alstyne's conviction as to count 22.

Moreover, viewed under the law of the case doctrine, our result would be the same. There was nothing clearly erroneous about our decision regarding the count 22 conviction, nor would its enforcement work a "manifest injustice." *United States v. Lewis*, 611 F.3d 1172, 1179 (9th Cir. 2010). A conviction under 18 U.S.C. §1956 may be based on conduct that undermines the predicate criminal scheme in one respect and promotes it in another. None of the other exceptions to the law of the case doctrine applies.

**2.** There are no grounds for reversal of the sentencing enhancement. "Factual determinations at sentencing are reviewed for clear error, and the application of the Guidelines to the facts is reviewed for abuse of discretion." *United States v. Yi*, 704 F.3d 800, 805 (9th Cir. 2013). The district court did not clearly err in finding by a preponderance of the evidence that an individual under Van Alstyne's supervision was a "criminally responsible" participant in the fraud scheme. *See* U.S.S.G. § 3B1.1 cmt. nn.1–2; *cf. United States v. Egge*, 223 F.3d 1128, 1133 (9th Cir. 2000). There was evidence in the record that the individual not only knew of fraudulent statements and payments to investors but continued his involvement in the scheme in spite of this knowledge. Because the district court's findings "are plausible in light of the record viewed in its entirety," reversal is not warranted. *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 422 F. 3d 782, 795 (9th Cir.

2005). Nor was the application of U.S.S.G. § 3B1.1(a) to the facts of this case "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *United States v. Treadwell*, 593 F.3d 990, 999 (9th Cir. 2010) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc)).

**AFFIRMED.**