**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 14 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>SYED QADRI,<br><br>    Defendant - Appellant. | No. 12-10516<br><br>D.C. No. 1:06-cr-00469-LEK-1<br><br><br>MEMORANDUM[*] |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>PATRICIA ROSZKOWSKI,<br><br>    Defendant - Appellant. | No. 12-10517<br><br>D.C. No. 1:06-cr-00469-LEK-2 |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>  v. | No. 12-10519<br><br>D.C. No. 1:06-cr-00469-LEK-3 |

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

RUBEN CARRILLO GONZALEZ,

Defendant - Appellant.

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted February 18, 2014
Honolulu, Hawaii

Before: HAWKINS, McKEOWN, and BEA, Circuit Judges.

On August 31, 2006, Syed Qadri, Patricia Roszkowski, and Ruben Carrillo Gonzalez, collectively "Defendants," were indicted in the District of Hawaii on four counts of wire fraud, in violation of 18 U.S.C. §§ 2, 1343. Roszkowski was also indicted on two counts of credit application fraud, in violation of 18 U.S.C. § 1014. Over the next five-and-a-half years, the court granted a total of eight continuances, all of which the court excluded from the computation of the Speedy Trial Act ("STA"), 18 U.S.C. §§ 3161–74, a statute that requires trial to commence within seventy days of an indictment's filing. On March 10, 2011, Defendants filed a motion to dismiss the indictment for violations of the STA. On June 1, 2011, the district court denied the motion. Defendants appeal this decision. In their plea agreements, Defendants reserved the right to appeal only the district court's denial of their motion to dismiss the indictment for violations of the STA.

Therefore, this appeal is limited to Defendants' claims under the STA and does not encompass Defendants' claims for prosecutorial misconduct in failing to produce discovery in a timely manner.

We review *de novo* a district court's application of, and questions of law arising under, the STA. *United States v. Lewis*, 611 F.3d 1172, 1175 (9th Cir. 2010). We review the district court's findings of fact for clear error. *Id.* A district court's finding of an "ends of justice" exception will be reversed only if there is clear error. *United States v. Murillo*, 288 F.3d 1126, 1133 (9th Cir. 2002).

The STA provides that "the trial of a defendant . . . shall commence within seventy days from the filing date . . . of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Defendants object to eight continuances the district court granted under the STA's "ends of justice" exception, which allows the district court to exclude "[a]ny period of delay resulting from a continuance . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Factors for the judge to consider in deciding whether to grant a continuance include whether failure to grant the continuance "would deny

3

counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). "[T]he district court must satisfy two requirements whenever it grants an ends of justice continuance: (1) the continuance must be specifically limited in time; and (2) it must be justified [on the record] with reference to the facts as of the time the delay is ordered." *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997) (internal quotation marks omitted) (second alteration in original). We hold that all eight of the district court's exclusions satisfy these requirements.

Defendants argue that the "form" orders the district court used did not satisfy the requirements of the STA, citing *United States v. Ramirez-Cortez*, 213 F.3d 1149 (9th Cir. 2000). We disapproved of form orders in *Ramirez-Cortez* because the reasons given therein for exclusion, namely providing time for plea negotiations, violated the STA. *Id.* at 1155–56. To the contrary, the orders here each stated that the continuances were being granted so that Defendants would have sufficient time to prepare for trial, a legitimate reason for continuing a trial under the "ends of justice" exception to the STA. 18 U.S.C. § 3161(h)(7)(B)(iv).

Defendants next argue that the record does not contain a discussion of whether failing to grant the continuances would result in a miscarriage of justice.

4

The record shows, however, that the district court did make findings that Defendants needed more time to prepare for trial and that failure to grant the motions for continuance would result in a miscarriage of justice. Defendants seek to challenge the government's failure to provide speedy discovery, but the prosecution's behavior is not the subject of this appeal; the district court's behavior is.

The court did not clearly err in granting the exclusions, and we find no violation of Defendants' right to a speedy trial under the STA.

**AFFIRMED**.