
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50618 |
| Plaintiff - Appellee, | D.C. No. 8:11-cr-00246-JLS-2 |
| v. | |
| RICARDO BONILLA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted March 4, 2015[**]
Pasadena California

Before: GOULD and TALLMAN, Circuit Judges and KORMAN,[***] Senior District Judge.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

Defendant Ricardo Bonilla appeals his conviction of conspiracy to defraud the United States, in violation of 18 U.S.C. § 286, in connection with a large fraudulent tax-refund scheme. Bonilla contends that the district court erred in denying his motion to dismiss the indictment due to his asserted violations of his statutory and constitutional speedy trial rights. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. The district court properly granted the two trial continuances based on the "ends of justice" exclusion under 18 U.S.C. § 3161(h)(7), because the continuances were limited in time and justified on the record with reference to the facts as of the time the delay was ordered. *See United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010). Both continuances were limited in time. The continuances were also justified on the record by the complexity of this case and defense counsel's requests for adequate time to prepare for trial.

2. Bonilla does not contest that the statutory factors support the district court's grant of the continuances; rather, he contends that his statutory speedy trial rights were violated because the government did not timely disclose to the district court former defense counsel's conflict of interest from representation of other parties and that the same counsel was deficient in his duties during discovery. Bonilla points to no authority that imposes a duty on the government to monitor

the defense's discovery progress and tell the court when it sees a deficiency. Bonilla was represented by counsel, and it was defense counsel's professional responsibility to diligently pursue discovery and preparations for trial.

Bonilla cites *Mannhalt v. Reed*, 847 F.2d 576, 583–84 (9th Cir. 1988) in support of his position that the government had a duty to timely notify the district court of defense counsel's conflict of interest. But *Mannhalt* contains no discussion about the government's duty to timely notify the district court of defense counsel's conflict of interest, and Bonilla concedes that "the obligation is upon defense counsel to alert the court of potential conflicts." We conclude that the pretrial continuances did not violate Bonilla's statutory speedy trial rights.

3. The district court also did not err in concluding that Bonilla's constitutional speedy trial rights were not violated. To determine whether a defendant's constitutional speedy trial rights are violated, we consider four factors: "(1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice to the defendant." *See United States v. Gregory*, 322 F.3d 1157, 1161 (9th Cir. 2003) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). Among the four related factors, the reason for the delay is the "focal inquiry." *See United States v. King*, 483 F.3d 969, 976 (9th Cir. 2007) (internal citation omitted).

3

A balanced and fair analysis of the four *Barker* factors requires us to conclude that Bonilla's constitutional speedy trial rights were not violated. First, a 22-month delay is not considered so excessively long that it would weigh heavily in Bonilla's favor. *See Gregory*, 322 F.3d at 1162. Second, Bonilla's former defense counsel, who did not retrieve discovery from the government and did not notify the district court of his potential conflict of interest, was more to blame for the pretrial delay. Former defense counsel was Bonilla's agent, so his acts were charged against Bonilla. *See Vermont v. Brillon*, 556 U.S. 81, 90–91 (2009) ("Because the attorney is the defendant's agent when acting, or failing to act, in furtherance of the litigation, delay caused by the defendant's counsel is also charged against the defendant.") (internal citation omitted). The second factor set out by the Supreme Court in *Barker* and applied by us in *Gregory* thus weighs against Bonilla. Third, the district court was correct that even assuming that Bonilla promptly asserted his speedy trial right, this factor weighs neither for nor against him. Fourth, Bonilla did not raise in his opening brief that he suffered prejudice as a result of the pretrial delay, so this argument is waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). Even assuming that Bonilla did not waive his argument of prejudice, the record does not show any actual prejudice to Bonilla. To the contrary, the reason why the district court granted the continuances

4

was to allow defense counsel adequate time to prepare for trial, in order to avoid prejudice to Bonilla.

**AFFIRMED.**