FILED

NOT FOR PUBLICATION

DEC 05 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 13-50471 |
| Plaintiff - Appellee, | D.C. No. 8:11-cr-00209-JLS-1 |
| v. | |
| **ARTURO S. RUIZ, AKA Art Oliva, AKA Ruiz Oliva, AKA Simon Oliva, AKA Arturo Simon Ruiz, AKA Arturo Simon Ruiz-Oliva, AKA Arturo Simon,** | **MEMORANDUM**[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 14-50465 |
| Plaintiff - Appellee, | D.C. No. 8:11-cr-00209-JLS-9 |
| v. | |
| **SUEMY L. GONGORA,** | |
| Defendant - Appellant. | |

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 15-50052 |

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiff - Appellee,

v.

**SANDRA KAY LYNCH,**

Defendant - Appellant.

D.C. No. 8:11-cr-00209-JLS-11

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted May 5, 2016
Pasadena, California

Before:     **KOZINSKI**, **W. FLETCHER** and **GOULD**, Circuit Judges.


1.     Defendant Arturo Ruiz claims that the district court violated his statutory right to a speedy trial when it continued the trial date for all defendants to January 15, 2013.  The Speedy Trial Act excludes a "reasonable period of delay" for joint trials and when the ends of justice so require.  18 U.S.C. § 3161(h)(6), (h)(7).  Here, Ruiz's trial was joined with multiple co-defendants.  Some of Ruiz's co-defendants stipulated to the continuances and another requested a delay because of a scheduling conflict.  Ruiz even indicated he would have difficulty reviewing the voluminous discovery by the time of the continued trial date.  The district court properly found that it was not appropriate to sever Ruiz's trial because of the

complexity of the case, the interrelated conspiracy charges and the overlapping evidence. The delay here was reasonable and the district court properly excluded time as to all defendants.

**2.** Ruiz contends that the delay violated his Sixth Amendment right to a speedy trial. To determine whether a defendant's Sixth Amendment rights were violated, we examine four factors: (1) the length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right and (4) the prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530 (1972).

Here, the district court continued the trial for over a year. We have found a delay of five years acceptable when properly justified and not prejudicial. See Stuard v. Stewart, 401 F.3d 1064, 1068 (9th Cir. 2005) (citation omitted). The reason for the delay in Ruiz's case was to facilitate review of the large amount of discovery, ensure all defendants were tried together and accommodate defense counsel schedules in the complex, multi-defendant case. Ruiz did promptly assert his right to a speedy trial and sought severance from his co-defendants. But "the mere fact of proper, timely assertion does not warrant dismissal." United States v. Turner, 926 F.2d 883, 889 (9th Cir. 1991). Lastly, Ruiz wasn't prejudiced by any delay. A delay prejudices the defendant if the delay is granted for the primary

purpose of allowing co-defendants to pursue plea negotiations with the government. United States v. Lewis, 611 F.3d 1172, 1178 (9th Cir. 2010). One co-defendant did cooperate with the government, but that was not the purpose of the delay, and it was only one co-defendant out of eighteen. See id. Thus, Ruiz's constitutional right to a speedy trial wasn't violated.

3.      Defendants Suemy Gongora and Ruiz argue that the government "targeted Hispanics" for criminal prosecution of original issue discount (OID)-based tax fraud cases "while pursuing only civil penalties against non-Hispanics for similar conduct." Ruiz also argues, relatedly, that the government improperly used the grand jury to investigate already indicted defendants, though he does not allege that it was used against him. The district court found no evidence of improper use of the grand jury testimony and Ruiz points to none.

To succeed on a selective prosecution claim, Ruiz and Gongora must show that "(1) other similarly situated individuals have not been prosecuted and (2) [their] prosecution was based on an impermissible motive." United States v. Sutcliffe, 505 F.3d 944, 954 (9th Cir. 2007).

Ruiz and Gongora compare their cases to two civil cases involving OID tax fraud where defendants who, "[a]part from their last name," were similarly situated

to Ruiz and Gongora but weren't charged criminally: United States v. Adams, No. 2:10-cv-1852-AHM-SSx (C.D. Cal. Sept. 28, 2010), and United States v. Kirk, No. C11-1075-MJP (W.D. Wa. Apr. 2, 2012). Adams and Kirk are inapposite. Ruiz and Gongora's cases involved complex and large-scale fraudulent tax preparation, nineteen defendants and approximately $250 million in false income tax refund claims. Their cases differ from Adams and Kirk as to the extent of the fraud, the degree of sophistication required, the number of persons involved, the amount of actual or intended loss and the prior histories or related conduct of certain members of the scheme.

The government also points to criminal charges filed in a number of OID fraud cases involving defendants with seemingly non-Hispanic surnames. See Indictment, United States v. Brekke, No. 2:10-CR-00328-JCC (W.D. Wash. Nov. 3, 2010), ECF No. 1; Indictment, United States v. Morris, No. 1:10-cr-00317-REB (D. Colo. June 8, 2010), ECF No. 5; Indictment, United States v. Poynter, No. 4:11-cr-00223-BCW (W.D. Mo. Sept. 21, 2011), ECF No. 1. Therefore, there is neither evidence supporting nor grounds for further discovery on defendants' conclusory claim of impermissible motive.

4.      Ruiz argues that the district court erred by admitting evidence of the

land patent scheme. Under Federal Rule of Evidence 404(b), "other act" evidence may be admitted when it is necessary to "offer a coherent and comprehensible story regarding the commission of the crime." United States v. Vizcarra-Martinez, 66 F.3d 1006, 1012–13 (9th Cir. 1995). The district court did not err in admitting the evidence because it was used to explain how the Old Quest conspirators met each other and garnered customers. The challenged evidence comprised only a small percentage of the total evidence proffered by the government, and any prejudicial effect was outweighed by its probative value. See Fed. R. Evid. 403.

**5.** Defendant Sandra Lynch argues that the district court erred by allowing evidence of her previous failure to file taxes to be introduced at trial. Evidence of prior acts may be admitted if it is probative of issues of intent, knowledge, good faith and absence of mistake. Fed. R. Evid. 404(b)(2); United States v. Jenkins, 785 F.2d 1387, 1395 (9th Cir. 1986). Here, Lynch's failure to file her tax returns for five years was sufficiently probative of her intent, knowledge, lack of good faith and absence of mistake in engaging in the tax fraud activities at Old Quest. Given that both categories of activities involved defrauding the IRS with tax filings, the district court did not abuse its discretion by allowing the

evidence under Rule 404(b). The district court also gave a limiting instruction, curing any error.

6. Gongora claims the district court erred in excluding her proffered demonstration of attempting to testify in English to show that she had difficulty speaking English. She argues that this violated her constitutional right to present a defense. We review for abuse of discretion a district court's determination of whether a defendant requires an interpreter or can forego one and testify in English. United States v. Petrosian, 126 F.3d 1232, 1234–35 & n.3 (9th Cir. 1997). Here, Gongora requested the use of an interpreter during the pendency of her trial and was assigned one by the court. The district judge concluded that it would be inappropriate and "circus-like" to allow Gongora to forego her assigned interpreter and testify in English to show that she could not speak English. Gongora was able to testify that she had difficulty with English by speaking in Spanish and using an interpreter, so she was still able to present her evidence and make her argument. The district court didn't abuse its discretion in excluding the demonstration.

7. Lynch claims that she was denied a fair trial because the district court allowed the government to refer to co-defendants' prior trials in impeaching her. "[T]he trial court may permit cross-examination 'as to all matters reasonably related

to the issues [the defendant] put in dispute by [her] testimony on direct.'" United States v. Vasquez, 858 F.2d 1387, 1392 (9th Cir. 1988) (citation omitted). Lynch testified that she first learned the Old Quest OID scheme was fraudulent when Matthew Wilcox testified at her trial the week before. Thus, it was permissible for the government to impeach Lynch on this point. The district court sustained Lynch's objections to the speculative aspects of the government's questioning. But it properly allowed the government to ask Lynch about the two other OID scheme trials she watched and confirm that she did not know the OID scheme was fraudulent until her trial, despite observing two other trials covering that exact issue.

8. Ruiz claims the district court committed reversible error by instructing the jury that if "you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty." We have previously held that this model jury instruction is proper. United States v. Gomez, 725 F.3d 1121, 1131 (9th Cir. 2013); United States v. Ruiz, 462 F.3d 1082, 1087 (9th Cir. 2006).

9. Gongora and Lynch claim that the district court erred by failing to specifically define willfulness as an element of the conspiracy and false claims charges, and by failing to explain that willful blindness cannot establish aiding and

abetting. The district court gave the jointly proposed and model jury instructions on these charges. Assuming defendants did not waive the issue by proposing these instructions, we review for plain error because defendants did not object below. United States v. Olano, 507 U.S. 725, 731–35 (1993). There was no error in the instructions. See 18 U.S.C. §§ 286, 287; United States v. Atalig, 502 F.3d 1063, 1067 (9th Cir. 2007); United States v. Jewell, 532 F.2d 697, 699–704 (9th Cir. 1976) (en banc). Further, defendants have not shown that any error would have changed the outcome of the proceedings. Olano, 507 U.S. at 734–35.

**10.** Lynch and Ruiz claim that the cumulative effect of errors at their trials requires that their convictions be reversed. Because they have not shown any errors, reversal for cumulative error is not warranted.

**AFFIRMED.**