**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LOUIS JOSEPH VADINO, AKA Edward
Estrate, AKA Salvatore Filippone, AKA
Louis J. Vadino,

Defendant-Appellant.

No.   17-50135

D.C. No. 8:12-cr-00128-AG-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted June 5, 2020
Pasadena, California

Before:  RAWLINSON and N.R. SMITH, Circuit Judges, and KORMAN,[**]
District Judge.

Defendant Louis Joseph Vadino appeals his convictions and sentences for:

(a) tax evasion in violation of 26 U.S.C. § 7201 ("Count 1"); (b) making a false

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

statement to a federal agency in violation of 18 U.S.C. § 1001(a) ("Count 2"); (c) failing to appear in violation of 18 U.S.C. § 3146(a)(1), (b)(1)(A)(ii) ("Count 3"); (d) conspiracy in violation of 18 U.S.C. § 371 ("Count 4"); (e) aiding and abetting the making of false statements on passport applications in violation of 18 U.S.C. § 1542 ("Counts 5 and 6"); and (f) aiding and abetting aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) ("Counts 7 and 8"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part.

1. Vadino argues that the superseding indictment should have been dismissed with prejudice, because the district court unreasonably granted his codefendant an "ends of justice" continuance of the trial date without sufficient justification, in violation of the Speedy Trial Act. Because we do not find that the district court clearly erred in determining that the continuance was an excludable period of delay under 18 U.S.C. § 3161(h)(6) and (h)(7), we affirm the district court's denial of Vadino's motion to dismiss the superseding indictment. *See United States v. Murillo*, 288 F.3d 1126, 1133 (9th Cir. 2002); *see also United States v. Lewis*, 611 F.3d 1172, 1177 (9th Cir. 2010).

2. Vadino argues that the district court committed reversible error by refusing to instruct the jury to assume that potentially relevant evidence destroyed by the Government was favorable to his defense. "The rule governing sanctions for lost or

destroyed evidence" is set forth in *United States v. Loud Hawk*, 628 F.2d 1139, 1151–56 (9th Cir. 1979) (en banc) (Kennedy, J., concurring), *reversed on other grounds in United States v. W.R. Grace*, 526 F.3d 499, 506 (9th Cir. 2008). *United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018). The district court abused its discretion by failing to apply *Loud Hawk*'s rule in determining the proper jury instruction to remedy the Government's destruction of evidence. *See United States v. Sivilla*, 714 F.3d 1168, 1172–73 (9th Cir. 2013).

Given the district court's error, "we *must* reverse unless there is a 'fair assurance' of harmlessness or, stated otherwise, unless it is more probable than not that the error did not materially affect the verdict." *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1099 (9th Cir. 2005) (alteration adopted and emphasis added) (quoting *United States v. Morales*, 108 F.3d 1031, 1040 (9th Cir. 1997) (en banc)). "The burden to show the harmlessness of the error is on the government, and in the rare case in which we find ourselves in equipoise as to the harmlessness of the error, reversal is required." *Id.* Because the Government has failed to meet its burden to show the harmlessness of the district court's error, we must reverse Vadino's convictions for Counts 1 and 2.

3. We have the discretion "to vacate [and remand] all of the sentences imposed by a district court when the district court erred with respect to one of the

3

sentences." *United States v. Evans-Martinez*, 611 F.3d 635, 645 (9th Cir. 2010). On remand, the district court has the authority to "resentence a defendant on each count remanded by the appellate court, even if the district court had made no error with respect to a particular count." *Id.* We therefore vacate all of Vadino's sentences and remand for resentencing.

We **AFFIRM** Vadino's convictions for Counts 3–8, but **REVERSE** and **VACATE** his convictions for Counts 1 and 2 and **REMAND** both counts for a new trial. We also **VACATE** all of Vadino's sentences and **REMAND** for resentencing.[1]

---

[1] Because we remand for a new trial on Counts 1 and 2 and remand for resentencing, we do not address the remaining issues raised on appeal.

***United States v. Vadino*, Case No. 17-50135**
**Rawlinson, Circuit Judge, concurring**

I concur in the conclusion that this case should be remanded for a retrial on counts one and two. I reach this conclusion only because the district judge decided that a destruction-of-evidence instruction was warranted. Having decided that an instruction was warranted, the better practice would have been for the district court to give the model jury instruction or make a record to support the given instruction. *See United States v. Hairston*, 64 F.3d 491, 494 (9th Cir. 1995) (explaining that a defendant is entitled to instructions that have "some foundation in the evidence"). Unfortunately, the district court did neither. And the record does not establish unequivocally that the defendant suffered any prejudice from the lack of an adverse inference in his favor due to the government's destruction of evidence. For that reason, I concur in the conclusion that the convictions on counts one and two cannot stand.

I also agree that under our precedent when one or more convictions is invalidated, the sentence becomes unbundled and must be remanded for imposition of a new sentence. *See United States v. Ruiz-Alvarez*, 211 F.3d 1181, 1182 (9th Cir. 2000), *as amended*.

I fully concur in the majority's discussion of the Speedy Trial Act challenge.

1