**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 9 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30050 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00101-WFN-23 |
| v. | |
| ODELL KINARD, Jr., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Submitted July 6, 2020[**]
Seattle, Washington

Before: CLIFTON and M. SMITH, Circuit Judges, and DONATO,[***] District
Judge.

Odell Kinard, Jr. appeals the district court's denial of his motion to dismiss

his indictment pursuant to 18 U.S.C. § 3161 (Speedy Trial Act of 1974) and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable James Donato, United States District Judge for the
Northern District of California, sitting by designation.

motions to suppress wiretap evidence pursuant to 18 U.S.C. § 2518 (Title III of the Omnibus Crime Control and Safe Streets Act of 1968). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. Reviewing the district court's application of the Speedy Trial Act de novo, and its underlying findings for clear error, *United States v. Nelson*, 137 F.3d 1094, 1108 (9th Cir. 1998), we conclude that the district court properly excluded the trial continuance from March 19 to June 4, 2018 pursuant to 18 U.S.C. § 3161(h). Kinard was properly joined in a multi-defendant case because he was alleged to have participated in the same drug conspiracy as his codefendants. Fed. R. Crim. P. 8(b). He admitted to evidence linking him to a codefendant, from whom the FBI had purchased significant quantities of drugs. "Joint trials are the rule rather than the exception," *United States v. Brashier*, 548 F.2d 1315, 1324 (9th Cir. 1976), and are "particularly appropriate" for conspiracy charges, *United States v. Jenkins*, 633 F.3d 788, 807 (9th Cir. 2011).

Because joinder was proper, the district court did not err in denying Kinard's motions to sever. The court considered Kinard's arguments that there was insufficient evidence of his participation in the conspiracy and that he was likely to be convicted based on his association with his codefendants. The court fashioned appropriate relief by ordering Kinard to go to trial with a particular subset of codefendants so as to avoid prejudice from joinder. It was not an abuse of

2

discretion to attempt to mitigate any purported prejudice to Kinard by structuring trial groups to avoid that risk, rather than severing. *See* Fed. R. Crim. P. 14(a); *Zafiro v. United States*, 506 U.S. 534, 538–39 (1993) (Rule 14 "does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion.").

Consequently, the 11-week period of the continuance was excludable. *See United States v. Butz*, 982 F.2d 1378, 1381 (9th Cir. 1993). The court granted a motion to continue the trial made by all codefendants except Kinard only after postponing the pretrial motions deadline to accommodate motions to suppress wiretap evidence, in which Kinard joined. Following the denial of those motions, it became clear that postponing that deadline, in addition to forthcoming discovery, would have implications on the defendants' ability to prepare for trial. To allow the defendants more time to prepare their defenses, the court continued the trial, stating that the case was complex, the codefendants' motion for the continuance was reasonable, and "the ends of justice required it." The delay thus was excludable pursuant to 18 U.S.C. § 3161(h)(6) because Kinard was properly joined for trial with codefendants who sought the continuance, and pursuant to §§ 3161(h)(7)(A) and (B)(ii), where counsel for codefendants required additional time to adequately prepare for trial in a complex case and the court made an express "ends of justice" finding.

Kinard contends that the delay was unreasonable and prejudicial because a primary purpose of the continuance was to allow his codefendants to pursue plea negotiations, one of whom pled guilty and later testified against him. *See United States v. Hall*, 181 F.3d 1057, 1062 (9th Cir. 1999). We disagree. Where, as here, the primary purpose of granting the continuance is not to allow codefendants to pursue plea negotiations, and the case involves several codefendants who ultimately do *not* testify against the defendant, an extension is reasonable "because the importance of allowing [] codefendants time to prepare for trial further[s] the policy of favoring joint trials, and, thus, outweigh[s] any prejudice that may [result] from having one of those codefendants eventually decide to plead guilty and testify against" the defendant. *United States v. Lewis*, 611 F.3d 1172, 1178 (9th Cir. 2010) (citation omitted). Accordingly, we conclude that the delay was reasonable as to Kinard and excludable pursuant to 18 U.S.C. §§ 3161(h)(6) and (7)(B)(ii). We thus affirm the district court's denial of Kinard's motion to dismiss pursuant to the Speedy Trial Act.

2.      The district court did not err in denying Kinard's motions to suppress wiretap evidence. On de novo review, we conclude that the wiretap applications complied with 18 U.S.C. § 2518(1). *See United States v. McGuire*, 307 F.3d 1192, 1197 (9th Cir. 2002). The affidavits submitted in support of wiretap applications for Target Telephones 2 and 3 (TT2 and TT3), belonging to codefendant Mendoza-

Vaca, did not omit material information regarding Ramirez-Mercado that law enforcement had obtained to that point. Although the affidavits did not explicitly name Ramirez-Mercado as a "source of supply," they contain evidence that supports the conclusion that he was Mendoza-Vaca's supplier. In addition, the affidavits contain a discussion of tried and failed investigative techniques, as well as those techniques unlikely to succeed. The affidavits thus contain the "full and complete statement" § 2518(1) requires.

It was not an abuse of discretion to authorize the wiretaps even if law enforcement understood Ramirez-Mercado to be Mendoza-Vaca's supplier. *See McGuire*, 307 F.3d at 1197 (reviewing necessity determination for abuse of discretion). A wiretap may still be necessary if it gives the government the ability to develop "an effective case," meaning "evidence of guilty beyond a reasonable doubt." *Id.* at 1199. In addition, the goals of the wiretaps were not limited to seeking information about Ramirez-Mercado. They also sought information about additional co-conspirators, as well as information about the operation and organization of the drug conspiracy. Taking a "common sense approach" in evaluating the reasonableness of the government's investigative methods, *United States v. Rodriguez*, 851 F.3d 931, 944 (9th Cir. 2017), where a months-long investigation did not present sufficient evidence of Ramirez-Mercado's role, and that evidence was not the sole purpose of the wiretap, it was not an abuse of

5

discretion to authorize the wiretap.

**AFFIRMED.**