NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 24 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30124 |
| Plaintiff-Appellee, | D.C. Nos. 1:18-cr-00123-SPW-1 1:18-cr-00123-SPW |
| v. | |
| NICHOLAS JOHN MONTANO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted March 10, 2022
Seattle, Washington

Before: NGUYEN, MILLER, and BUMATAY, Circuit Judges.

Nicholas Montano appeals from his conviction on one count of conspiracy to

possess methamphetamine with intent to distribute, in violation of 21 U.S.C. § 846,

and one count of possession of methamphetamine with intent to distribute, in

violation of 21 U.S.C. § 841. We have jurisdiction under 28 U.S.C. § 1291, and we

affirm.

_____

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1.      Montano argues that the district court violated the Speedy Trial Act when it granted the government's motion for a continuance. An "ends of justice" continuance under 18 U.S.C. § 3161(h)(7) must satisfy two requirements. *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010). First, "the continuance must be specifically limited in time." *Id.* (quoting *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997)). Second, "it must be justified on the record with reference to the facts as of the time the delay is ordered." *Id.* (quoting *Lloyd*, 125 F.3d at 1268). Only the latter requirement is disputed here. Therefore, "[t]he only question we consider . . . is whether the district court stated 'specific factual circumstances' sufficient to justify its conclusion" that a continuance was warranted. *Lloyd*, 125 F.3d at 1268 (citation omitted).

The district court found that Montano had promised to file for a continuance and that the government had reasonably relied on that promise, at the cost of two "crucial" days of the seven remaining before trial. Those findings were not clearly erroneous, and the decision to grant a continuance was therefore "justified on the record with reference to the facts as of the time the delay [was] ordered." *Lewis*, 611 F.3d at 1176 (internal quotations and citation omitted).

2.      An inventory search violates the Fourth Amendment if it does not conform with the relevant state law and local police procedure. *United States v. Cormier*, 220 F.3d 1103, 1111 (9th Cir. 2000). Both Montana law and the Billings

2

Police Department's Found Property Policy permit inventory searches of a found item if its ownership is unknown. *See, e.g.*, *State v. Hamilton*, 67 P.3d 871, 878–79 (Mont. 2003). Neither of the two women who requested that the police take Montano's backpack could provide the full name of its owner, so the police officers conducting the inventory search were "unsure" of the backpack's true owner. Therefore, the district court did not err in denying the motion to suppress the evidence from Montano's backpack.

3.      The district court did not abuse its discretion in admitting evidence that a bag containing 3.45 ounces of methamphetamine was discovered in a stairwell of the apartment complex to which Montano fled while being pursued by police. *See United States v. Alvirez*, 831 F.3d 1115, 1120 (9th Cir. 2016). The evidence showed that (1) Montano knocked on all of the doors in the six-unit apartment complex, (2) the bag containing the methamphetamine was identical to bags found in Montano's car, (3) Montano's cellphone contained messages from individuals seeking to buy methamphetamine, and (4) "suspects with illegal contraband often attempt to discard it when they are fleeing." The district court did not err in holding that the government satisfied the "minimal standard" of demonstrating that "the jury could reasonably find" that the methamphetamine was Montano's, and thus that the evidence was relevant. *Huddleston v. United States*, 485 U.S. 681, 690 (1988). Additionally, Montano has not explained how the

"probative value [of this evidence] is substantially outweighed by a danger of" unfair prejudice or jury confusion. Fed. R. Evid. 403. Because the evidence was relevant and not unfairly prejudicial, the district court did not abuse its discretion in admitting it.

4.     To obtain a new trial under Federal Rule of Criminal Procedure 33, a defendant must show, among other things, that the newly discovered evidence is "'material' to the issues at trial," is not "merely impeaching," and "would 'probably' result in acquittal" at a new trial. *United States v. Hinkson*, 585 F.3d 1247, 1257 (9th Cir. 2009) (en banc) (quoting *United States v. Harrington*, 410 F.3d 598, 601 (9th Cir. 2005)). None of Montano's evidence meets those requirements. The four letters he introduced in support of his motion are inadmissible hearsay and go only toward impeaching the two government witnesses. As to the evidence presented at the forfeiture hearing, Montano raised that evidence for the first time on appeal, so we decline to consider it. *Momox-Caselis v. Donohue*, 987 F.3d 835, 841 (9th Cir. 2021).

**AFFIRMED**.